**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| CONCRETE WASHOUT SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV321 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DOUBLE D HOOK-N-GO CONTAINERS, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

     This matter is before the court on the plaintiff's Motion for Leave to Amend Complaint (Filing No. 63). The plaintiff filed the proposed amended complaint (Filing No. 63 Ex. 1), a brief (Filing No. 64), and an index of evidence (Filing No. 65) in support of the motion. The defendant filed a brief (Filing No. 66) and an index of evidence (Filing No. 67) in opposition to the motion. The plaintiff filed a brief (Filing No. 71) and an index of evidence (Filing No. 72) in reply. In surreply, the defendant filed a Motion for Leave to File a Surreply Brief (Filing No. 73). The surreply includes both a brief and an index of evidence, which are attached to the motion.

**BACKGROUND**

     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1. **See** Filing No. 1 - Complaint. Additionally, the plaintiff alleges claims against the defendant for false representation and unfair competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); deceptive trade practices under the Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-302; and common law unfair competition. *Id.* Generally, the plaintiff claims the defendant's making, using, offering to sell and selling equipment used to dispose of concrete washout, a waste that comes from washing out cement trucks and other concrete equipment, infringes on the plaintiff's patents. *Id.* The plaintiff further alleges the defendant made false representations and engaged in deceptive trade practices and unfair competition with respect to the equipment. *Id.* The defendant denies the plaintiff is entitled to relief on the plaintiff's complaint and

filed counterclaims seeking declarations of non-infringement, invalidity, and unenforceability.  **See** Filing No. 62.

On December 16, 2008, the court entered a progression order setting the deadline of February 13, 2009, for the plaintiff and March 6, 2009, for the defendant to amend the complaint or add parties.  **See** Filing No. 22.  No party sought an extension of those deadlines.  However, on July 30, 2009, the defendant filed an amended answer and counterclaim by agreement of the parties and order of the court.  **See** Filing No. 62 - Amended Answer.  By order dated May 19, 2009, the court set the discovery deadline for December 31, 2009, and the trial for March 15, 2010.  **See** Filing No. 51.

On July 30, 2009, the plaintiff filed the instant motion to amend.  **See** Filing No. 63. The plaintiff seeks to amend the complaint to add three additional defendants:  Double D Properties, Double D Excavating and David Doll.  The plaintiff states that during depositions, which took place in May of 2009, the plaintiff learned these two additional corporations were "actively involved in the design, manufacture and use of the infringing equipment."  **See** Filing No. 64 - Brief p. 2.  Further, "[t]hese two companies are owned and controlled by the controlling shareholder of the Defendant, David Doll."  *Id.*  The plaintiff contends the claims against the proposed defendant involve the same parties, witnesses, and evidence already involved in the instant action.  Further, the plaintiff states that if these proposed defendants are not added in this lawsuit, the plaintiff will file a separate action.

The defendant does not oppose the addition of the proposed party Double D Excavating "[b]ecause facts gleaned in discovery arguably show that Double D Excavating is making or selling the accused products."  **See** Filing No. 66 - Brief p. 1.  However, the defendant opposes the additional parties based on the plaintiff's delay in filing the motion to amend. *Id.* at 2.  Additionally, the defendant argues the plaintiff is without legal authority for alleging patent infringement against Double D Properties, solely as a property holding company, and David Doll, in his individual capacity by piercing the corporate veil.  *Id.* at 1-2.  On these bases, the defendant contends the proposed amendment to add Double D Properties and David Doll would be futile because the additions would not withstand a motion to dismiss or motion for summary judgment.  Moreover, the defendant argues Mr. Doll would suffer prejudice by having to respond to the plaintiff's allegations without a

showing, by a preponderance of the evidence, that the corporate veil is properly pierced. **See** Filing No. 73 Ex. A - Surreply p. 2.  Finally, the defendant contends the plaintiff has failed to comply with the requirements for adding parties contained in Fed. R. Civ. P. 20 and 21.  Specifically, the defendant argues the plaintiff failed to provide sufficient evidence to establish a factual basis justifies the addition of the proposed parties.  **See** Filing No. 66 - Brief p. 1; Filing No. 73 Ex. A - Surreply p. 1.  The defendant seeks an award of costs and fees associated with having to respond to the plaintiff's motion.  **See** Filing No. 73 Ex. A - Surreply p. 3.

## ANALYSIS

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.  Under Federal Rule of Civil Procedure 20,

> Persons . . . may be joined in one action as defendants if:
> (A)   any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B)   any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

There can be no dispute the plaintiff's claims against the current defendant and the proposed defendants arise out of the same occurrence and involve common questions of law or fact.  Specifically, the plaintiff alleges the current defendant and the proposed defendants all engaged in conduct infringing on the same patents.  Further, the plaintiff alleges these defendants acted in concert with one another.  Because joinder of the additional parties is permissive under Fed. R. Civ. P. 20, the court will address whether the plaintiff should be permitted to amend the complaint as requested.

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires."  However, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." ***Amrine v. Brooks***, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted).  The party opposing the amendment has the

burden of demonstrating the amendment would be unfairly prejudicial. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001); **see** *Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006). There is no absolute right to amend. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Id.* (**citing** Fed. R. Civ. P. 16(b)). Additionally, the court may consider whether the "late tendered amendments involve new theories of recovery and impose additional discovery requirements." *Id.*

As an initial matter, the court finds the plaintiff has shown good cause for filing the motion to amend beyond the deadline imposed earlier by the court. The plaintiff has diligently sought discovery related to the current claims, including discovery from and about the proposed defendants. The plaintiff brought the motion to amend shortly after deposing representatives of the current defendant and on the same date as an amended pleading was filed by the defendant. The timing of plaintiff's motion does not provide evidence the plaintiff engaged in undue delay particularly under the current discovery and trial schedule.

The defendant contends the plaintiff's proposed amendment would be futile. Leave to amend "may be denied if an amendment would be futile." *Stricker v. Union Planters Bank, N.A.*, 436 F.3d 875, 878 (8th Cir. 2006). However, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." *Gamma-10 Plastics, Inc. v. Am. President Lines*, 32 F.3d 1244, 1255 (8th Cir. 1994) (quotations and citations omitted). Further, "likelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous" "or legally insufficient on its face." *Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999); *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citation omitted). "The party opposing such amendment ha[s] the burden of establishing that leave to amend would be . . . futile." *Sokolski*, 178 F.R.D. at 396 (citations omitted). The court is mindful of the liberal policy toward amendments and "the underlying purpose of Rule 15--to facilitate decision on the merits rather than on the pleadings or technicalities." *Sharper*

4

*Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056 (N.D. Cal. 2006) (internal citation omitted); **see** *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000).

First, the defendant asserts the claims against Double D Properties are futile because Double D Properties is merely a real estate holding company incapable of committing patent infringement. **See** Filing No. 66 - Brief p. 7-8. The defendant provided evidence that Double D Properties has no employees or operations, but the defendant and Double D Excavating each have a rental agreement for property with Double D Properties. *Id.* at 8. The defendant contends there is no evidence showing Double D Properties makes, uses or sells the accused infringing product. *Id.* In support for adding Double D Properties, the plaintiff states the evidence shows:

> [Double D] Properties owns and maintains real estate in Omaha, and this real estate is used by Hook-N-Go and Excavating in the conduct of their operations. (Doll Depo. 36:4-37:3). The fabrication shop where the infringing products were made is located on real estate owned and operated by [Double D] Properties. The land owned by [Double D] Properties is thus used in the conduct of Hook-N-Go's business activities, including activities constituting infringement of [the plaintiff's] patent rights.

**See** Filing No. 71 - Reply Brief p. 6.

Second, the defendant argues the claims against David Doll are futile based on the plaintiff's burden to show it would be appropriate in this case to pierce the corporate veil. **See** Filing No. 66 - Brief p. 4-7. However, the plaintiff asserts its claims against Mr. Doll are based not on piercing the corporate veil, but on indirect patent infringement for inducing and contributing to infringement. **See** Filing No. 71 - Reply Brief p. 6. The plaintiff supplies evidentiary support for its claims that Mr. Doll induced infringement and contributed to the design, manufacture and use of the accused infringing product. *Id.* at 6-7. In any event, the plaintiff contends evidence exists based on discovery conducted to date that supports piercing the corporate veil. *Id.* at 7.

The court finds the defendant has met its burden with respect to Double D Properties. The plaintiff's claims against this proposed defendant are admittedly based

only on ownership of the real estate. The plaintiff does not show such ownership is legally sufficient to state a claim against Double D Properties for patent infringement. Accordingly, the plaintiff's motion will be denied as to Double D Properties. By contrast, an evidentiary dispute exists with regard to the issues surrounding Mr. Doll's addition. Although, the court will not determine the merits of the plaintiff's claims at this time, the defendant fails to meet its burden of showing it would be legally futile to allow the plaintiff to amend the complaint to include Mr. Doll as a defendant. Further, the plaintiff has shown good cause to allow the untimely amendment. Moreover, the proposed amendments are related to the current claims, and will not significantly delay the case or impact discovery requirements. The parties will have ample time to complete any necessary discovery. The defendant has failed to sustain its burden of showing unfair prejudice. The defendant's request for an award of costs and fees is denied. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion for Leave to Amend Complaint (Filing No. 63) is granted in part and denied in part. The plaintiff's motion is denied with respect to the proposed defendant Double D Properties, but granted in all other respects.

2. The plaintiff shall have to **on or before September 10, 2009**, to file an amended complaint.

3. The defendant's Motion for Leave to File a Surreply Brief (Filing No. 73) is granted. The court will consider the brief and index of evidence *instanter*.

DATED this 28th day of August, 2009.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.