IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CONCRETE WASHOUT SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOUBLE D HOOK-N-GO CONTAINERS, INC., DOUBLE D EXCAVATING, INC. and DAVID DOLL, <br><br> Defendants. | No. 8:08CV321 <br><br> **CONSENT DECREE** |

Concrete Washout Systems, Inc. ("CWS"), on the one hand, and Double D Hook-N-Go Containers, Inc., Double D Excavating, Inc. and David Doll (collectively, "Defendants"), on the other hand (all parties collectively referred to as "Parties"), having settled this action on the terms and conditions stated herein, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. This is an action regarding infringement of patents in violation of Section 32 of the Patent Act, 35 U.S.C. § 271 et seq. This Court has personal jurisdiction over CWS and Defendants, and subject matter jurisdiction of the matter in controversy between CWS and Defendants. Venue in this judicial district is proper.

2. CWS is the assignee and owner of all right, title and interest in United States Patent Nos. 7,118,633 (the "'633 Patent"), 7,121,288 (the "'288 Patent"), 7,124,767 (the "'767 Patent") and 7,364,627 (the "'627 Patent") (collectively, the "Patents") covering, *inter alia*, concrete washout containers.

3. Defendants manufactured, used, offered for sale, licensed and/or sold to the general public concrete washout containers.

4. CWS and Defendants have agreed to a full and final settlement of this action and have agreed to the entry of this Consent Decree.

5. Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that:

   (a) the '288, '767, '633, and '627 Patents are valid and enforceable;

   (b) the Parties have settled this action by a Confidential Settlement Agreement, and the Parties shall comply with the terms of that agreement.

6. There being no just reason for delay, the entry of this Consent Decree by the United States District Court constitutes entry of final judgment as to all remaining claims

asserted in this action by any party pursuant to Federal Rule of Civil Procedure 54(b). CWS and Defendants will each bear their own costs and attorneys' fees.

7. The Court shall retain jurisdiction to enforce this Consent Decree and Confidential Settlement Agreement. If any Party shall be alleged to have breached the terms of this Consent Decree and/or Confidential Settlement Agreement, any other Party shall have the right to reopen this matter upon motion filed and heard on an expedited basis, including by ex parte application. If this matter is so reopened, such Party may pursue any and all remedies it may have against the alleged breaching Party.

DATED this 11th day of May, 2010.

BY THE COURT:

**s/ Joseph F. Bataillon**
Chief District Judge

4814-5948-0325.1